Filed 5/24/13  P. v. Evans CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B240974 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA090489) |
| v. | |
| MANDELL JACQUES EVANS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Charles D. Sheldon, Judge.  Affirmed.

Julia J. Spikes, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Scott A. Taryle and Michael C. Keller, Deputy Attorneys General, for Plaintiff and Respondent.

_____

## INTRODUCTION

Mandell Jacques Evans appeals from a judgment following a jury trial. He contends the trial court erred in imposing a "minimum" restitution fine in the amount of $240 under Penal Code section 1202.4,[1] as the minimum amount was $200 when he committed his crimes. Because appellant did not object to the amount of the restitution fine in the trial court, we conclude appellant has forfeited this argument. Accordingly, we affirm.

## STATEMENT OF THE CASE[2]

An information charged appellant with committing the crime of indecent exposure with a prior (§ 314), on September 13, 2010 and April 7, 2011. It also alleged that appellant suffered one "strike" within the meaning of sections 1170.12, subdivisions (a) through (d), and 667, subdivisions (b) through (i). On March 20, 2012, a jury found appellant guilty as charged.

In a probation report prepared for the court, the probation officer recommended that probation be denied, that appellant serve the maximum amount of time in county jail, and that a restitution fine in the amount of $400 be imposed pursuant to section 1202.4. After sentencing appellant to state prison for the middle term on count one and one-third the middle term on count two, the court stated, "I'm going to give you the minimum fines so that when eventually you get out, sir, you can try, hopefully, to start anew here." The court then pronounced the imposition of various fines and fees, including a restitution fine of $240 pursuant

---

[1]     All further statutory citations are to the Penal Code.

[2]     As appellant challenges only the propriety of the amount of fines imposed against him, we omit any discussion of the underlying facts.

2

to section 1202.4.  No objection was raised by appellant or his counsel.  Appellant timely appealed from the judgment.

## DISCUSSION

"It is well established that the imposition of restitution fines constitutes punishment, and therefore is subject to the proscriptions of the ex post facto clause and other constitutional provisions."  (See *People v. Souza* (2012) 54 Cal.4th 90, 143 (*Souza*).)  Thus, a defendant may challenge the imposition of a restitution fine under section 1202.4 as violating the ex post facto clauses of the California and federal constitutions, if the fine is greater than authorized by section 1202.4 at the time he committed his crimes.  (*Ibid*.)

Section 1202.4 mandates that the trial court order a convicted defendant to pay a restitution fine "unless [the court] finds compelling and extraordinary reasons for not doing so and states those reasons on the record."  (§ 1202.4, subd. (b).)  If the defendant is convicted of a felony, the amount of restitution fine "shall be set at the discretion of the court" and cannot be less than $240 (starting January 1, 2012), or greater than $10,000.[3]  (§ 1202.4, subd. (b)(1).)  However, at the time appellant committed his crimes, the amount of a restitution fine under section 1202.4 ranged from $200 to $10,000.  (See *Souza*, *supra*, 54 Cal.4th at p. 143 [explaining former section 1202.4].)  Accordingly, appellant now contends the restitution fine should be reduced to $200.  However, appellant failed to object to the amount of the restitution fine in the trial court, and thus, has forfeited any challenge to that amount of the restitution fine.

---

[3]      The minimum amount increases to $280, starting January 1, 2013, and to $300, starting January 1, 2014.  (§ 1202.4, subd. (b)(1).)

3

The failure to make a timely and meaningful objection forfeits or waives certain claims on appeal.  (*People v. Scott* (1994) 9 Cal.4th 331, 351 (*Scott*).)  In *Scott,* the California Supreme Court held that these claims include "complaints about the manner in which the trial court exercises its sentencing discretion and articulates its supporting reasons." (*Id.* at p. 356.)  "In essence, claims deemed waived on appeal involve sentences which, though otherwise permitted by law, were imposed in a procedurally or factually flawed manner." (*Id.* at p. 354.)  "The appropriate amount of restitution is precisely the sort of factual determination that can and should be brought to the trial court's attention if the defendant believes the award is excessive." (*People v. Garcia* (2010) 185 Cal.App.4th 1203, 1218 (*Garcia*).)  As in *Garcia,* "because [appellant] did not object to the amount of restitution in the trial court, he forfeited our consideration of the issue on appeal." (*Ibid*.)

Appellant contends the error is cognizable on appeal because the imposition of the restitution fine was unauthorized.  Our Supreme Court has stated that "the 'unauthorized sentence' concept constitutes a narrow exception to the general requirement that only those claims properly raised and preserved by the parties are reviewable on appeal.  [Citations.]" (*Scott*, *supra*, 9 Cal.4th at p. 354.)  "Although the cases are varied, a sentence is generally 'unauthorized' where it could not lawfully be imposed under any circumstance in the particular case." (*Ibid*.)  Here, the trial court could have imposed a restitution fine in any amount between $200 and $10,000.  As the actual restitution fine fell within that range, the restitution order was not unauthorized.

4

**DISPOSITION**

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.**

                         MANELLA, J.

We concur:

WILLHITE, Acting P. J.

SUZUKAWA, J.

5